UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**VERSACE ALAN SCOTT**                                                                                                      **PLAINTIFF**

**v.**                                     **CIVIL ACTION NO. 1:25-CV-21-GNS**

**JOSHUA TOOMEY** *et al.*                                                                                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Versace Alan Scott initiated the instant *pro se* 42 U.S.C. § 1983 civil-rights action. Upon consideration of Plaintiff's application to proceed without prepayment of fees, **IT IS ORDERED** that the application (DN 3) is **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

**I.**

Plaintiff initiated this action by filing a non-prisoner § 1983 complaint form. Plaintiff names the following as Defendants - Logan County, Logan County Jail (LCJ), and Logan County Jailer Joshua Toomey. Plaintiff sues Defendant Toomey in both his official and individual capacities.

In the complaint, Plaintiff alleges that on August 19, 2023, while he was incarcerated at LCJ, "3 deputy jailers put me into a restraint chair and cut me 7 times to the bone on both arms with a knive as cruel and unusual punishment."[1] Plaintiff states that "this crime" was reported to Defendant Toomey, and that although Plaintiff was an inmate at LCJ until December 5, 2024,

---

[1] The Court observes that Plaintiff has made this specific allegation in multiple actions in this Court and that those actions were consolidated into one action, *Scott v. Logan County Jail*, No. 1:23-cv-130-JHM. That action was at the summary-judgment stage when it was dismissed without prejudice on October 11, 2024, for failure to prosecute after Plaintiff failed to update his address. *See* DNs 58 & 59.

Defendant Toomey "never got me any medical treatment at all." Plaintiff states that Defendant Toomey "is responsible for all his inmates." Plaintiff asserts that that Defendant Toomey's alleged inaction violated his right to equal protection and constituted "cruel and unusual punishment."[2]

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Moreover, although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court

---

[2] Plaintiff made similar claims against Defendant Toomey and LCJ in *Scott v. Logan Cnty. Jail*, No. 1:24-cv-00098-JHM. That case was not consolidated into the aforementioned action because it was the first case in which Plaintiff made claims against Defendant Toomey regarding a lack of medical care. However, that case was also dismissed without prejudice on October 10, 2024, for failure to prosecute after Plaintiff failed to update his address. *See* DNs 8 & 9.

2

from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Defendants Logan County, Logan County Jail, and Official-Capacity Claim

The Court first observes that LCJ is not an entity subject to suit under § 1983. *See, e.g.*, *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, *5 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)). Moreover, Plaintiff's official-capacity claim against Defendant Toomey is actually against Defendant Logan County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

To state a claim for relief under § 1983 against Defendant Logan County, Plaintiff must allege that any injury was "the result of an unconstitutional policy or custom" of Logan County. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Monell*, 436 U.S. at 694). Indeed,

the policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Thus, because Plaintiff does not allege that his constitutional rights were violated due to a custom or policy of Defendant Logan County, his claim against Defendant Logan County fails.

For the foregoing reasons, the Court will dismiss Plaintiff's claims against Defendant Logan County and Defendant LCJ, as well as his official-capacity claim against Defendant Toomey, for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

Plaintiff's individual-capacity claims against Defendant Toomey fare no better. Plaintiff alleges that Defendant Toomey violated his constitutional rights by failing to ensure that he received medical care. Plaintiff indicates that he seeks to hold Defendant Toomey liable in is role as the supervisor of LCJ.

The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008).

The Court finds that Plaintiff's individual-capacity claims against Defendant Toomey must be dismissed for failure to state a claim upon which relief may be granted because they are not

based on active unconstitutional behavior by Defendant Toomey, but his mere failure to act. *See, e.g., Gulley v. Miniard*, No. 24-cv-11816, 2024 U.S. Dist. LEXIS 157933, at *4 (E.D. Mich. Sept. 3, 2024) (holding that the plaintiff's claims against a warden and deputy warden for failing to ensure that the plaintiff received "adequate and equal medical care" were based upon the defendants' supervisory authority and failed to state a claim because the plaintiff did not allege that the defendants engaged in any "'active constitutional behavior'" rather than a "'mere failure to act'") (quoting *Shehee*, 199 F.3d at 300); *Magby v. Fender*, No. 1:22 CV 00019, 2022 U.S. Dist. LEXIS 87266, at *9-10 (N.D. Ohio May 13, 2022) (holding that a claim that a sheriff failed to act to get the plaintiff medical attention while the plaintiff was in the sheriff's custody failed under § 1983 because the claim was based solely on the sheriff's "supervisory responsibilities"); *Sadler v. Wellpath*, No. 5:21-CV-P63-TBR, 2022 U.S. Dist. LEXIS 17814, at *7 (W.D. Ky. Jan. 31, 2022) (holding that the plaintiff's allegations failed to state a claim against the defendant warden where the plaintiff alleged that the warden violated the plaintiff's constitutional rights by failing to forward the plaintiff's sick-call request and ensure that the plaintiff received medical care) (citing *Faulkner v. Corizon Health Care Corp.*, No. 3:13-CV-0654, 2013 U.S. Dist. LEXIS 96217 (M.D. Tenn. July 10, 2013).

### IV.

For the reasons set forth herein, the Court will enter a separate Order dismissing this action for failure to state a claim upon which relief may be granted.

Date: February 24, 2025

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
4416.011